**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

HOLLEY JONES,

*Plaintiff*,

Case No.

v.

Hon.

JAMES BARLOW;
CHRIS ROBLES,

*Defendants*,

_______________________________________/

Kristopher Budhram (125950)
Law Offices of Conrad J. Benedetto
Attorney for Plaintiff
Bank of America Tower
50 N. Laura St., Suite 2500
Jacksonville, FL 32202
(904) 299-5500
krbudhram@benedettolaw.com

Solomon M. Radner
(*pro hac vice to be applied for*)
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, HOLLEY JONES, by and through his attorneys, complaining of Defendants, and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place at a 7-11, located at 11501 SR 82 Rd Lehigh Acres, 33971, in Fort Meyers, Florida.

4. Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C § 1391(b) since the individual Defendant Officers are employees of Fort Meyers and the acts providing the legal basis for this complaint occurred in the Lehigh Acres, City of Fort Myers, County of Lee, State of Florida.

## PARTIES

5. Plaintiff, Holley Jones ("Plaintiff" or "Mr. Jones"), is a citizen of Lehigh Acres, County of Lee, State of Florida.

6. Defendant, James Barlow ("Barlow"), is employed by the City of Fort Myers as a police officer in the Fort Myers Police Department, and was acting under the color of state law.

7. Defendant, Chris Robles ("Robles"), is employed by the City of Fort Myers as a police officer in the Fort Myers Police Department, and was acting under the color of state law.

8. The individual Defendants, Officer James Barlow and Officer Chris Robles, when referred to collectively, will be referred to as the individually named "Defendant Officers".

## FACTUAL BACKGROUND

9. On April 15, 2018, Mr. Jones went to 7-11 to make a purchase.

10. While Mr. Jones was completing his purchase at the register, Defendant Robles approached Mr. Jones inside of 7-11 and asked him to talk outside when he was finished.

11. Mr. Jones then asked Defendant Robles what the problem was.

12. Defendant Robles replied that Mr. Jones needed to go outside and talk to him immediately.

13. Mr. Jones asked again what the problem was.

14. Mr. Jones offered to shake Defendant Robles' hand and learn the identity of the officer.

15. Defendant Robles refused to engage in the greeting and responded quickly by aggressively and authoritatively stating "don't touch me" repeatedly.

16. Mr. Jones said ok, I won't touch you.

17. Mr. Jones then walked back to the front counter where his purchased items were located.

18. Defendant Robles then ordered Mr. Jones out of the store and continued to state several times for Mr. Jones not to touch him, even though Mr. Jones was not touching Defendant Robles and stood several feet away from Defendant Robles.

19. Mr. Jones said that he would leave if he was being told to leave.

20. Defendant Barlow then immediately entered the store, approached Mr. Jones, and told him to come outside.

21. Mr. Jones then stated again that he had done nothing wrong.

22. Defendant Robles then stated that Plaintiff "was real close to doing something wrong."

23. Defendant Robles then asked the store clerk if she would like Mr. Jones to leave.

24. The store clerk, Natasha Brown, responded no, Mr. Jones had done nothing wrong.

25. Defendant Officers then led Mr. Jones outside to talk.

26. While leading him outside, Defendant Robles told Mr. Jones not to be aggressive.

27. Ms. Brown then stated to the officers that in fact, "he was not being aggressive."

28. Once outside, Defendant Officers ordered Mr. Jones to stand in a certain spot in front of the patrol car. This was an unlawful order.

29. Fearing that the officers wanted to do more than just talk to him, Mr. Jones then changed his mind and walked back into the store. The Officers had been aggressive and seemed to be goading Mr. Jones into doing something that he would regret, but Mr. Jones did not take the bait.

30. Mr. Jones' acts of refusing to talk and walking back into the store were constitutionally protected conduct.

31. Defendant Officers entered the store behind him and Defendant Barlow then tased Mr. Jones.

32. The tasing caused Mr. Jones to fall to ground, flail his body uncontrollably, and cry out loudly in pain.

33. While Mr. Jones was in obvious pain, one of the Defendant Officers then yelled at Mr. Jones to stop moving or he would be tased again.

34. Mr. Jones responded, "ok please, I swear I did nothing wrong."

35. Defendant Officers then called for a supervisor as Mr. Jones lay on the ground in a puddle of water.

36. Defendant Officers then repeatedly yelled at Mr. Jones not to move.

37. Defendant Officers then placed handcuffs on Mr. Jones and escorted him to the police car.

38. Defendant Officers then searched Mr. Jones.

39. No one from 7-11 called the police on Mr. Jones at any point or stated that he was creating a disturbance.

40. No probable cause or reasonable suspicion existed to arrest, detain, tase, and search Plaintiff.

41. Mr. Jones was arrested by the Defendant Officers for no lawful reason.

42. A Court has already determined that the detainment, arrest and search of Mr. Jones violated the Fourth Amendment.

43. The unlawful arrest and detainment of Mr. Jones was done in blatant violation of the Fourth Amendment.

44. The force used on Mr. Jones was excessive and done in blatant violation of the Fourth Amendment.

45. The unlawful search of Mr. Jones was done in blatant violation of the Fourth Amendment.

46. The actions of Defendant Officers caused Mr. Jones physical and emotional pain and injury.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Unlawful Detainment & Arrest)**

**(Against Defendant Officers)**

47. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

48. The Fourth Amendment requires police officers to have articulable reasonable suspicion before detaining a criminal suspect.

49. The Fourth Amendment requires police officers to have probable cause before placing a criminal suspect under arrest.

50. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

51. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

52. Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

53. Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

54. Defendant Officers intentionally detained and arrested Plaintiff without a legally valid reason.

55. Defendants Officers' actions constituted an unlawful arrest of Plaintiff.

56. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

57. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Excessive Force)**

**(Against Defendant Barlow)**

58. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

59. The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

60. Plaintiff declined an unlawful order from Defendant Officers.

61. Defendant Barlow then shot Plaintiff with a taser gun.

62. Plaintiff was not a threat to Defendant Barlow's safety, or the safety of anyone else present. In fact, the store clerk told Defendants that Plaintiff was not acting aggressive at the time of the incident.

63. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force and excessive force pursuant to the Fourth Amendment to the United States Constitution.

64. The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

65. Plaintiff had not committed any illegal act when encountered by Defendant Officers inside of 7-11.

66. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

67. Defendant Barlow intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently tased Plaintiff without any lawful basis.

68. Defendant Barlow's actions constituted excessive force.

69. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

70. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Unlawful Search)

**(Against Defendant Officers)**

71. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

72. The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion to search a criminal suspect.

73. Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently searched Plaintiff's person without his consent, a warrant, or any lawful basis.

74. Defendant Officers searched Plaintiff's person in violation of Plaintiff's Fourth Amendment rights.

75. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful search pursuant to the Fourth Amendment to the United States Constitution.

76. At all times relevant, as police officers acting under color of law, Defendant Officers was required to obey the laws of the United States.

77. In violation of Plaintiff's clearly established constitutionally-protected right to be free unreasonable search and seizure without due process of law under the Fourth Amendments to the United States Constitution, Defendant Officers unlawfully searched Plaintiff's person.

78. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Malicious Prosecution)**

**(Against Defendant Officers)**

79. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

80. The Fourth Amendment requires police officers to possess sufficient probable cause before charging a criminal suspect with a crime.

81. Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently arrested Plaintiff and initiated criminal proceedings against him when they took him to jail and charged him with resisting arrest.

82. Defendant Officers' arrest and initiation of this criminal charge against Plaintiff was without sufficient probable cause, legal justification, just cause, or any other legally valid reason.

83. Defendant Officers' initiation of this criminal charge against Plaintiff was done with malice and bad faith where Defendant Officers had no knowledge of

any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

84. The criminal charge against Plaintiff were terminated in his favor when it was dismissed.

85. As a result of Defendants' malicious prosecution of Plaintiff, he has suffered and continues to suffer damage including, but not limited to, embarrassment, mental anguish, emotional distress, and costs and attorney fees.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(First Amendment – Retaliation for Protected Conduct)**

**(Against Defendant Officers)**

86. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

87. Plaintiff engaged in constitutionally protected conduct when he asserted his right to not to go outside to talk to Defendant Officers when they ordered him to without a legal basis.

88. Plaintiff engaged in constitutionally protected conduct when he asserted his right not to be detained by Defendant Officers without a legal basis.

89. Plaintiff engaged in constitutionally protected conduct when he asserted his right to walk away from Defendant Officers.

90. Defendant Officers then tased Plaintiff for engaging in constitutionally protected conduct of peacefully refusing unlawful orders.

91. Defendant Officers detained and arrested Plaintiff for engaging in constitutionally protected conduct of peacefully refusing unlawful orders.

92. In retaliation for this protected conduct Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, inflicted excessive force upon Plaintiff without any lawful basis.

93. In retaliation for this protected conduct Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and arrested Plaintiff without a warrant or any lawful basis.

94. Plaintiff's retaliatory arrest was based on the Defendant's knowing, deliberate, and reckless disregard for the truth, where Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offenses, whatsoever.

95. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

96. The retaliation was motivated at least in part by the protected conduct.

97. There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by Defendant Officers against Plaintiff.

98. Defendant Officers intentionally arrested Plaintiff with the intention of confining him to Defendants' custody, and kept him confined for several hours before criminally charging Plaintiff. Defendants arrest and initiation of this criminal charge against Plaintiff was done without consent, probable cause, legal justification, just cause, or any other legally valid reason.

99. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, HOLLEY JONES, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action; and

d. Any such other relief as appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

Dated: February 26, 2019

Law Offices of Conrad J. Benedetto

By: */s/ Krisopher R. Budhram*

Kristopher R. Budhram (125950)
Attorney for Plaintiff
Bank of America Tower
50 N. Laura St., Suite 2500
(904) 299-5500
krbudhram@benedettolaw.com

EXCOLO LAW, PLLC

By: */s/ Solomon M. Radner*

Solomon M. Radner
(*pro hac vice to be applied for)*
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com