UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

    Plaintiff,

v.                                                              Case No.: 2:19-cv-00114-JLB-NPM

ANDREW BARLOW and CHRISTIAN
ROBLES,

    Defendants.
_____/

## ORDER

Defendants Andrew Barlow and Christian Robles, both officers in the Fort Myers Police Department, move for clarification (Doc. 115) regarding this Court's order on September 22, 2020, denying their motion for summary judgment as moot, (Doc. 114). The Court grants Defendants' motion, vacates its prior order from September 22, 2020 (Doc. 114), reinstates Defendants' motion for summary judgment (Doc. 109), and clarifies the nature of this lawsuit as it presently stands. More specifically, the Court clarifies that Defendants are being sued in both their individual and official capacities based on the course of proceedings—although this fact is not at all clear from the operative pleadings, and the question of capacity should have been addressed much earlier in the case.

According to Plaintiff Holley Jones's amended complaint, he was unlawfully tasered, arrested, and detained by Defendants while shopping at a 7-Eleven. (Doc. 15.) He also claims that Defendants are responsible for a malicious prosecution against him. (*Id.*) Based on these allegations, Mr. Jones brings five counts against

Defendants under 42 U.S.C. § 1983.  Although Mr. Jones' complaint names Defendants, it does not specify in which capacity they are being sued.  Determining whether a defendant is being sued in their individual or official capacities is particularly important in section 1983 cases.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (explaining that personal-capacity suits impose personal liability on officials, whereas official-capacity suits are another way of pleading an action against the government entity associated with the official).

    For their part, Defendants did not seek any clarification of what capacity they were being sued under—even though they were clearly confused.  For instance, their answer to the amended complaint was filed **only** in their official capacity and **not** in their individual capacity, (Doc. 33 at 1), which is contradictory to their subsequent assertion of qualified immunity as an affirmative defense.  See Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n.16 (11th Cir. 1994) (explaining that qualified immunity is only available to defendants sued in their individual capacity), overruled in part on other grounds, Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002).  Defendants' answer was signed by a City Attorney with the City of Fort Myers ("the City").  (Doc. 33 at 12.)  Moreover, the attorneys who purport to represent the City (one of whom signed the City's eventual motion for summary judgment) initially filed notices of appearance on behalf of Defendants.  Shortly thereafter, they filed corrected notices indicating that they were only appearing for Defendants in their official capacity.  (Docs. 84–87.)

In any event, the City has clearly assumed that Defendants are being sued in both their personal and official capacities; that much is clear from how this case has proceeded. At this late stage, Mr. Jones has been deposed, and he testified that he intended to sue Defendants in both capacities. (Doc. 111-7 at 101:16–102:4.) Expert witnesses have apparently been retained and deposed on the question of whether the events in this case resulted from an unlawful policy or custom by the City—this would only be relevant if Defendants were being sued in their official capacities. (Doc. 111-9.) Mr. Jones was permitted to notice a deposition of the City on topics such as training, protocol, policies, and procedures. (Doc. 71.) Again, this would only be relevant if Defendants were being sued in their official capacities.

On September 20, 2020, Defendants moved for summary judgment based on, among other things, the defense of qualified immunity (which, once again, is only available to them in their individual capacities). (Doc. 109); see also Hill, 40 F.3d at 1185 n.16. The day after Defendants filed their motion for summary judgment, the City—which is not a named party—filed its own summary judgment motion in an "abundance of caution." (Doc. 111 at 2.)[1] Because the City was not a named party, its motion was docketed as a second motion for summary judgment **on behalf of Defendants**, with no reference whatsoever as to capacity.

---

[1] Apparently, the City was unsure if the amended complaint's boilerplate reference to Defendants as employees of the City who were acting under color of state law may have implicated the City in the lawsuit. (Doc. 15 at ¶¶6–7; Doc. 111 at 2). A review of settled law might have cleared up this confusion at an earlier phase. See Graham, 473 U.S. at 165 ("**Personal-capacity suits** seek to impose personal liability upon a government official for actions he takes under color of state law." (emphasis added)). This is basic section 1983 law.

To compound the confusion, Defendants' motion for summary judgment had to be corrected because their counsel initially filed it on behalf of terminated parties; the correction was made on the same day that the City's motion for summary judgment had been filed. As such, on September 22, 2020, the Court entered an endorsed order denying Defendants' motion for summary judgment as moot (Doc. 109) because it believed that they had merely filed a corrected motion. In fact, the second summary judgment motion was an entirely separate motion for summary judgment by the City filed "in abundance of caution"—apparently because the City **is still not sure if it is being sued**. (Doc. 111.) Defendants now move for clarification (Doc 115) and the Court obliges.

"When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." <u>Young Apartments, Inc. v. Town of Jupiter, FL</u>, 529 F.3d 1027, 1047 (11th Cir. 2008) (quoting <u>Jackson v. Ga. Dep't of Trans.</u>, 16 F.3d 1573, 1575 (11th Cir.1994)). The Eleventh Circuit has explained that

> [i]n looking at the course of proceedings, courts consider such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity which serve as an indicator that the defendant had actual knowledge of the potential for individual liability.

<u>Id.</u> at 1047 (citing <u>Moore v. City of Harriman</u>, 272 F.3d 769, 772 n.1 (6th Cir. 2001)). The Court further notes that

> [a]lthough "the course of proceedings" may ultimately reveal in what capacity the Defendants are being sued, the Defendants should be on notice of the capacities in which they are sued **prior to the summary**

4

> **judgment stage of the case** so that applicable defenses can be addressed and unnecessary filings and appearances can be avoided.

Woynar v. Chitwood, No. 6:10-CV-1458-28GJK, 2011 WL 5025276, at *5 (M.D. Fla. Oct. 21, 2011) (emphasis added). Applying the course-of-proceedings test to Mr. Jones' amended complaint, the Court determines that the Defendants are being sued in both their individual and official capacities.

A review of the amended complaint alone might have made the Court unsure of this result. For instance, Mr. Jones's amended complaint seeks punitive damages, which "are only available from government officials when they are sued in their individual capacities." (Doc. 15 at 14); Young Apartments, Inc., 529 F.3d at 1047. Moreover, Defendants' answer and motion for summary judgment raise the defense of qualified immunity, which is only available to parties being sued in their individual capacity. (Doc. 33 at ¶27; Doc. 109 at 20–25); Young Apartments, Inc., 529 F.3d at 1047. Next, the amended complaint contains a malicious prosecution claim by way of section 1983; this type of claim cannot be brought against parties in their official capacity under Florida law. See generally C.P. by & through Perez v. Collier Cty., 145 F. Supp. 3d 1085, 1094 (M.D. Fla. 2015). And finally, the amended complaint contains no mention whatsoever of an unlawful policy or custom by the City, which is necessary to support an official-capacity claim. Graham, 473 U.S. at 166 (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

However, upon review of the entire course of proceedings, Defendants' individual and official capacities have both been implicated. In his deposition, Mr. Jones testified that he intended to sue Defendants in both capacities. (Doc. 111-7 at

101:16–102:4.) Expert witnesses (and the City itself) have been deposed regarding the City's policies and customs. (Docs. 71, 111-9.) Attorneys have appeared on behalf of Defendants in their official capacities. (Docs. 84–87.) In short, both Mr. Jones and the City have assumed that official-capacity claims exist in this case, and the course of proceedings has been shaped by this continuing assumption.

Therefore, the Court vacates its prior order from September 22, 2020 (Doc. 114) and reinstates Defendants' motion for summary judgment (Doc. 109). But the Court stresses that this exercise could have been avoided if the parties had addressed the issue of capacity at the inception of this case. The Court is mindful of the rising costs of litigation; a dispositive motion could be an expensive endeavor for an interested party (like the City). But a summary judgment motion should very rarely, if ever, be filed "in [an] abundance of caution." Whether Defendants were sued in their individual or official capacities is an important issue that the City should have clarified at an earlier stage of the litigation.

Accordingly, it is **ORDERED**:

This Court's Endorsed Order (Doc. 114) dated September 22, 2020, is **VACATED**, and Defendants' motion for summary judgment in their individual capacities (Doc. 109) is **REINSTATED.**

**ORDERED** in Fort Myers, Florida, on September 29, 2020.

*/s/ John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE