UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

      Plaintiff,

v.                                         Case No.: 2:19-cv-00114-JLB-NPM

ANDREW BARLOW and CHRISTIAN
ROBLES,

      Defendants.
_____/

## ORDER

On September 22, 2020, the Court struck as duplicative a motion for summary judgment filed by the City of Fort Myers ("the City"), which is a nonparty to this case. (Doc. 114.) The Court was operating under the assumption that Defendants Andrew Barlow and Christian Robles—both officers in the Fort Myers Police Department—were being sued only in their individual capacities. Upon further review, it became apparent to the Court that the question of Defendants' capacity was unsettled, even though this case had proceeded to the summary judgment phase. Accordingly, the Court entered an order vacating its prior ruling and highlighting the confusion about capacity in this case. (Doc. 117.)

Plaintiff Holley Jones has now filed responses to various pending motions, unequivocally stating that there are no claims being brought against the City or against Defendants in their official capacities. (Docs. 119–20.) Mr. Jones's counsel also provides the Court with an e-mail from May 2020, where he stated to one of the City's lawyers that there were no official capacity claims. (Doc. 119-1.) This is

problematic for several reasons, not the least of which is that the only responsive pleading in this case was filed in Defendants' official capacity, not their individual capacity. (Doc. 33.) In other words, this case has somehow proceeded to the summary judgment phase with no answer filed.

As the Court underscored in its previous order, the City and its attorneys have assumed that some sort of claims were being brought against Defendants in their official capacity—even though the operative complaint seems to contradict that assumption. (Doc. 117, 5–6.) This confusion could have (and should have) been addressed at a much earlier stage. (Id. at 6); see also Woynar v. Chitwood, No. 6:10-CV-1458-28GJK, 2011 WL 5025276, at *5 (M.D. Fla. Oct. 21, 2011). At this point, it is clear to the Court that this case is inappropriate for further consideration until the parties' confusion about capacity has been clarified.

Accordingly, it is **ORDERED**:

1. **No later than October 26, 2020**, Plaintiff shall file an amended complaint which: (a) specifies that Defendants are only being sued in their individual capacity, and (b) omits or abandons any claim or allegation that would only be relevant to an official capacity lawsuit.

2. **No later than November 2, 2020**, Defendants shall file amended answers in their individual capacities which omit or abandon any allegation or defense that would only be relevant to an official capacity lawsuit. The Court recognizes that it may be necessary for Defendants to retain new counsel to represent them in their individual capacities. Accordingly, Defendants may move

for an extension of time to file their responsive pleadings if they are unable to expeditiously find new counsel. The Court also recognizes that an amended case management and scheduling order may be necessary.

    3.    All pending motions are **DENIED AS MOOT WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida, on October 16, 2020

*/s/ John L. Badalamenti*
_____
**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**