UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

    Plaintiff,

v.                                                        Case No. 2:19-cv-114-JLB-NPM

ANDREW BARLOW and CHRISTIAN ROBLES,

    Defendants.

---

**ORDER**

Before the Court is a Motion to Withdraw Solomon Radner as Counsel for Plaintiff (Doc. 145). Among other reasons, the motion is denied for failure to comply with Middle District of Florida Local Rule 3.01(g). In addition, the motion prematurely seeks a "quantum meruit lien" for work done and costs fronted on behalf of Plaintiff. (Doc. 145, p. 4).

An attorney seeking a charging lien must establish: (1) an express contract between the attorney and the client; (2) an express or implied understanding that the attorney's fees would be paid out of the recovery; (3) the client avoided payment or there was a dispute regarding the fees; and (4) the attorney provided a timely notice of the charging lien. *Benchmark Consulting, Inc. v. USAA Cas. Ins. Co.*, No. 8:18-cv-3134-T-24CPT, 2020 WL 5701750, *3 (M.D. Fla. Sept. 24, 2020) (citing *Daniel*

*Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986); *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384-85 (Fla. 1983)).[1] Finally, some courts also require that the services provided, "must, in addition, produce a positive judgment or settlement for the client, because the lien will attach only to the tangible fruits of the services." *Walther v. Ossinsky & Cathcart, P.A.*, 112 So. 3d 116, 117 (Fla. 5th DCA 2013).

Until a positive judgment or settlement is obtained by Plaintiff Jones, any fee entitlement under a charging lien is premature. *See Envtl. Biotech, Inc. v. Sibbitt Enters, Inc.*, No. 2:03-cv-124-FTM-33SPC, 2006 WL 3162346, *2 (M.D. Fla. Nov. 2, 2006). Even if not premature, counsel provided no authority or support for imposing a charging lien. (Doc. 145, p. 4).

Accordingly, the Motion to Withdraw Solomon Radner as Counsel for Plaintiff (Doc. 145) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal district courts apply the law of the state where they are located. *Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP*, 519 F. App'x 657, 661 (11th Cir. 2013).