# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MEYERS DIVISION

HOLLEY JONES,

    Plaintiffs,

v.

JAMES BARLOW, and
CHRISTIAN ROBLES,

    Defendants.

CASE NO.: 2:19-cv-114-FTM

## MOTION IN LIMINE

COMES NOW the Plaintiff, Holley Jones (hereinafter, the "Plaintiff") by and through his undersigned counsel, moves this Court for an order that precludes the Defendants, James Barlow and Christian Robles (hereinafter, the "Defendants") from adducing evidence at trial or making arguments or comments before the jury concerning the following matters:

1. Comments regarding the allegations that the Plaintiff stated that he "spun out of control";

2. The nature of the drug charges against the Plaintiff in criminal case 18-CF-015762, or any evidence relating to the fruits of the search of his person in connection with that arrest, particularly given their suppression in that case;

3. The wearing of police uniforms, medals, or protective gear at trial; and

4. The use of "heroizing" statements about police officers "risking their lives" or "protecting the public".

## BACKGROUND

This case involves the unlawful detainment, search, and arrest of the Plaintiff by the Defendants, as well as the use of excessive force by Defendant Barlow. This Court has already determined that the Plaintiff, "has sufficiently demonstrated that the [Defendants] are not entitled to qualified immunity." (Order [Dkt. # 164], July 26, 2021, p. 36).

## LEGAL AUTHORITY AND ARGUMENT

### POINT I

DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR OTHER EVIDENCE REGARDING ALLEGED STATEMENTS TO LIEUTENANT FREEMAN BY THE PLAINTIFF, HOLLEY JONES, THAT HE "SPUN OUT OF CONTROL", OR WAS OTHERWISE RESPONSIBLE FOR THE UNLAWFUL DETAINMENT, ARREST, OR USE OF FORCE.

Following his arrest, the Defendants have alleged that *after* being arrested and tased, and while in the custody of law enforcement, the Plaintiff spoke to Lieutenant Freeman and stated that he had "spun out of control". However, neither the Plaintiff's words nor deeds *after* the unlawful arrest and search have any relevance to any claims or defenses of the parties, defendants should not be permitted to elicit any testimony about them, except as they pertain to damages.

Federal Rule of Evidence 401 provides that "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. Here, the Plaintiff's claims sound in civil rights claims for unlawful detainment and arrest, excessive force, unlawful search, and malicious prosecution.

Because the parties agree that the Defendants commenced the criminal prosecution against the Plaintiff, and that the prosecution against the Plaintiff was terminated in his favor, as the court in that case suppressed the evidence as improvidently obtained, and that this Court has already concluded that the Defendants did not have "reasonable suspicion (or even arguable reasonable suspicion)" (Order [Dkt. # 164], July 26, 2021, p. 36) to conduct the stop of the Plaintiff, and finally that this Court has already concluded that the Defendants are not entitled to qualified immunity (Id.), the only issues left to be explored at trial include whether the Defendants acted with malice with respect to malicious prosecution, and damages. *See, ex.,* Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010).

Simply put, the post-arrest conduct of the Plaintiff has no relevance to the issues to be decided by the jury, apart from being used to establish the damages that he has suffered. Similarly, it cannot have any relevance to the issue of malice because "malice" refers to the state of mind of the defendants. S. H. Kress & Co. v. Powell, 180 So. 757, 762 (Fla. 1938); Cameron, 598 F.3d at 63 (regarding the malice element of a malicious prosecution claim, the focus is on the defendant's state of mind at the time he/she initiated the criminal prosecution).

Even if such evidence had some *minimal* relevance, its limited probative value is vastly outweighed by its potential to prejudice the jury. Given that the Defendants

have already signaled that their intention is to rely upon the prejudices of the jury pool to reach a favorable verdict (*See, ex.,* Order [Dkt. # 164], July 26, 2021, pp. 14-15, regarding the "Deep South" comments), it makes little sense to allow the Defendants to undertake further attempts to prejudice the jury at trial.

Furthermore, pursuant to Federal Rule of Evidence 403, the court may exclude *even* relevant evidence:

> …if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Here, not only is there no relevance to the issues to be tried in these statements, but they are unduly prejudicial to the Plaintiff, especially where the Defendants did not and could not have that information before them when they detained and arrested the Plaintiff, and they would also mislead and confuse the jury into weighing considerations regarding the Defendants' actions which are not before them.

Accordingly, this Court should preclude the Defendants from testifying about the Plaintiff's post-arrest comments that he "spun out of control", or any other such comments that suggest that he was at fault for the Defendants' unlawful detainment or arrest, or for the Defendants' use of excessive force upon him.

POINT II

DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR OTHER EVIDENCE REGARDING THE NATURE OF THE DRUG CHARGES AGAINST THE PLAINTIFF IN CRIMINAL CASE 18-CF-015762, OR ANY EVIDENCE RELATING TO THE FRUITS OF THE SEARCH OF HIS PERSON IN CONNECTION WITH THAT ARREST, PARTICULARLY GIVEN THEIR SUPPRESSION IN THE THAT CASE.

Pursuant to Federal Rules of Evidence 401 and 403, the Defendants should also be prohibited from discussing allegations of drug use or possession, as they have no probative value regarding the issues at hand, and they are inherently prejudicial with respect to the facts of this case. Such testimony shifts the jury's focus from the issues of damages and malice and, even worse, invites the jury to hate the Plaintiff simply because he was arrested for drug offenses. *See*, ex., United States v. Al-Moayad, 545 F.3d 139, 160-61 (2d Cir. 2008) (where highly charged emotional testimony has minimal evidentiary value, district court abuses its discretion in admitting it); Carter v. City of Yonkers, 345 Fed Appx. 605, 607 (2d Cir. 2009) (Summary Order) (district court did not err in excluding, pursuant to Fed. R. Evid. 403, evidence relating to "gang affiliation" of a party).

Furthermore, it is inconceivable that at this stage of the proceedings that evidence relating to drug use would be anything other than an attack on the Plaintiff's character, as Florida courts have held that such evidence is "inherently prejudicial", particularly where the only elements to be proved at trial are not concerned with probable cause or the unlawfulness of the arrest, which has already been proved.

Waves of Hialeah, Inc. v. Machado, 300 So. 3d 739, 742 (Fla. 3d DCA 2020), review denied, SC20-530, 2020 WL 2316639 (Fla. May 11, 2020) (*quoting* R-L Sales, LLC v. Hoce, 276 So. 3d 434, 435 (Fla. 1st DCA 2019)).

Similarly, federal courts have stated that:

> …there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony. See Fed.R.Evid. 403. A court must, therefore, be chary in admitting such evidence when it is offered for the sole purpose of making a general character attack.

United States v. Cameron, 814 F.2d 403, 405 (7th Cir. 1987); *see also,* United States v. Robinson, 956 F.2d 1388, 1397 (7th Cir.), cert. denied, 506 U.S. 1020, 113 S.Ct. 654, 121 L.Ed.2d 581 (1992) ("A district court may bar cross-examination about a witness' illegal drug use when it is used 'for the sole purpose of making a general character attack.'").

Accordingly, this Court should preclude the Defendants from testifying or introducing evidence or other statements intended to imply illegal drug use or, or any evidence that when he was arrested, he was found in possession of illegal drugs, or the nature of the drug charges against him in the corresponding criminal case.

## POINT III

### DEFENDANTS SHOULD BE PRECLUDED FROM WEARING UNIFORMS OR MEDALS AT TRIAL.

The Plaintiff asks that this Court preclude the Defendants from wearing uniforms at trial, or if this Court permits uniforms, to at least prevent the wear of medals or protective gear. *See*, ex., Case v. Town of Cicero, 2013 WL 5645780, at *4

(N.D. Ill. Oct. 16, 2013); Tolliver v. Gonzalez, 2011 WL 5169428, at *1 (N.D. Ill. Oct. 31, 2011).

## POINT IV

### DEFENDANTS SHOULD BE PRECLUDED FROM MAKING STATEMENTS ABOUT POLICE OFFICERS RISKING THEIR LIVES AND/OR PROTECTING THE PUBLIC, WHICH IN THIS CASE INCLUDES THE JURORS.

Pursuant to Federal Rules of Evidence 401 and 403, the Defendants should also be prohibited from arguing that police officers "risk their lives" or "protect the public" or similar arguments intended to elicit sympathy for the Defendants solely because of the uniform they wear. Those arguments have no bearing on the issues at hand and are prejudicial to the Plaintiff as they create a subjective belief that the Plaintiff is a "criminal" or a "danger" to the public, or that the Defendants are "protecting" the jurors. While the risks inherent in police work *might* have been relevant, had this Court not already ruled on issues of qualified immunity and reasonable suspicion, it is incontrovertible that those issues are beyond the reach of the jury at this time.

Some federal courts have held that, "[a]ny general arguments or mentions of police officers risking their lives or their heroism are irrelevant and overly prejudicial to merit admission". Jones v. City of Chicago, 14-CV-4023, 2017 WL 413613, at *8 (N.D. Ill. Jan. 31, 2017). In fact, another Illinois case explains why these statements are prejudicial in ways that are particularly comparable to this case:

> **The court agrees with Dyson that risks faced by police officers in general do not have any tendency to make any consequential facts in this particular action more or less likely. Neither a claim**

> **for false arrest nor malicious prosecution relates to police officers risking their lives on the job. To the contrary, 'heroizing' the deeds of police officers might unfairly sway a jury into the consideration of matters outside the scope of fact finding.**

Dyson v. Szarzynski, No. 13 CV 3248, 2014 WL 7205591, at *2 (N.D. Ill. Dec. 18, 2014) (emphasis added); *see also,* Battle v. O'Shaughnessy, No. 11 C 1138, 2013 WL 3984463, at *6 & n.5 (N.D. Ill. Aug. 2, 2013).

WHEREFORE, and for the foregoing reasons, the Plaintiff Holley Jones, respectfully requests this Court enter an order barring the Defendants, James Barlow and Christian Robles, from adducing evidence at trial or making arguments or comments before the jury concerning the aforementioned issues.

Respectfully submitted,

_____
ROOK ELIZABETH RINGER, ESQ.
Florida Bar No. 1015698
**LENTO LAW GROUP, P.A.**
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
904.602.9400 (Office)
904.299.5400 (Fax)
reringer@lentolawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9th, 2021, a copy of the foregoing has been furnished by CM/ECF to all counsel of record.

_____
ROOK ELIZABETH RINGER, ESQ.
**LENTO LAW GROUP, P.A.**
*Attorney for Plaintiff*