UNITED STATES MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVSION

HOLLEY JONES,
        Plaintiff,                                CASE NO. 2:19-cv-114-FtM

v.

ANDREW BARLOW;
CHRISTIAN ROBLES,
        Defendants,
_____/

### DEFENDANTS' ANDREW BARLOW & CHRISTIAN ROBLES REPLY TO PLAINTIFF'S MOTION IN LIMINE FILED 8/9/2021

    Pursuant to the Plaintiff's Motion in Limine (Doc. 165), Defendants' Andrew Barlow and Christian Robles (hereinafter "Defendants") submits this reply to Jones' Motion in Limine.

### LEGAL STANDARD

    "*A motion in limine presents a pretrial issue of admissibility of evidence that is like to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court through the trial.*"" In re Seroquel Prods. Liab. Litig Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D.. Fla. Feb, 2009)"

"*The real purpose of a Motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds*"

"*A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried*"

( Bostick v. State Farm Mut. Auto. Ins. Co. 2017 U.S. Dist. LEXIS 113897)

<u>Argument</u>

POINT I:

**Defendants should be precluded from eliciting testimony or other evidence regarding alleged statements to Lieutenant Freeman by the Plaintiff, Holly Jones, that he "spun out of control", or was otherwise responsible for the unlawful detainment, arrest, or use of force.**

1. First of all assuming that the Plaintiff wants to introduce the video tape of Lt. Freeman, Federal Rule of Civil Procedure 106, would require that the complete tape be played, : "*if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.*" Knecht v. Lanphere Enters, 2020 U.S. Dist. LEXIS 152980

    The purpose of this rule is to compel parties to not mislead the jury by providing limited information which can be taken out of context. In the instant case, if Jones' decides to introduce any of the video, then the entire video should be broadcast to not mislead anyone.

1. This was a spontaneous admission by the Plaintiff acknowledging responsibility for the actions of the Defendant, Police Officers.

2. Further the Plaintiff has failed to specifically articulate proper grounds for exclusion. "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds".

3. As for the remainder of point I, the Defendant does not intend to introduce evidence of the State Criminal case against the Plaintiff and agrees that all elements of the State Court case should not be introduced at least at this time pending what happens at trial.

POINT II:

**Defendants should be precluded from eliciting testimony or other evidence regarding the nature of the drug charges against the Plaintiff in criminal case 18-CF-015762, or any evidence relating**

2

**to the fruits of the search of his person in the connection with that arrest, particularly given their suppression in the that case.**

4. The Plaintiff had drugs on him at the time of his arrest and during his deposition admitted that he was at that location to sell drugs. This all goes to his suspicious behavior on the date of his arrest. He also admitted to being a drug dealer as his trade/employment and having been arrested in the past for the same or similar charges. None of these questions were objected to at deposition, and any objection has been waived by Plaintiff and his counsel. It is premature to issue any orders on limiting this testimony at this time. For example, the Plaintiff has alleged he suffered emotional distress and seeks compensation. Depending on his testimony there could be relevant to mitigate his damages. See. Kobie v. Fifthian 2014 U.S. Dist, Fort Myers, LEXIS 56438. "*A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.*"

## POINT III:

**Defendants should be precluded from wearing uniforms or medals at trial.**

5. The Defendants will most likely be on duty during this trial and this is customary for them to wear their issued uniform. The Plaintiff is aware he is suing Sworn Certified Law Enforcement officers for on-duty conduct. We fully intend to have them wear their issued uniform and this will not prejudice the Plaintiff.

6. The Eleventh Circuit in Zaken V. Kelly, 370 Fed. Appx 982, (2010) stated "*The district court did not abuse its discretion by permitting Kelly to attend the trial in his police uniform*". See also Stepanovich v. Bradshaw, 2017 U.S. Dist. LEXIS 230106 and Trice v. Sec'y Dept. Of Corr., 2017 U.S. Dist. LEXIS 144799

## POINT IV:

**Defendants should be precluded from making statements about police officers risking their lives and/or protection the public. Which in this case includes the jurors.**

7. Police officers literally risk their lives each time they approach vehicles or potentially dangerous persons, and the United States Supreme Court has consistently accorded officers wide latitude to protect their own safety, United States v. Stanfield, 109 F.3d, 976, 978 (4th Cir. 1997). This should actually be considered as a potential jury instruction.

### III. Conclusion

The Plaintiff's Motion in Limine should be denied because it is overly broad, and it lacks the necessary specificity with respect to the evidence it requests be excluded. If evidence is not clearly Inadmissible evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy and prejudice,

(AM Builders Ins. Co.v. Southern-Owners Ins. Co. 2021 U.jS. Dist. LEXIS 131720)

                                                    Respectfully Submitted,

                                            /s/ Timothy P. Culhane #124657
                                          /s/ Robert B. Burandt  #534477
                                            1714 Cape Coral Pkwy E.
                                            Cape Coral, FL 33904
                                            Attorney for Defendant Officers
                                            239-542-4733

I HEREBY CERTIFY that on August 12, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy of the foregoing to the following:

Rook Ringer, Esquire
Lento Law Group, P.A.
222 San Marco Ave. Ste. C
St. Augustine, FL 32084
Attorney for Plaintiff
904.602.9400
reringer@lentolawgroup.com

| | |
|---|---|
| Kyle Dudek, Esquire | Grant W. Alley, Esquire |
| Henderson, Franklin, Starnes & Holt, PA | City of Fort Myers |

5

<div style="display: flex;">
<div>

Post Office Box 280
Fort Myers, FL 33902
Attorney for City
Kyle.Dudek@henlaw.com

</div>
<div>

PO Box 2217
Fort Myers, FL 33902-2217
Attorney for Defendants
galley@cityftmyers.com
sramirez@cityftmyers.com
legalservice@cityftmyers.com

</div>
</div>

By: /s/ Timothy P. Culhane
   Timothy P. Culhane
   Florida Bar No. 124657
   Tim@capecoralattorney.com
   Burandt, Adamski, Feichthaler & Sanchez PLLC
   1714 Cape Coral Pkwy E
   Cape Coral, FL 33904
   239-542-4733