UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

    Plaintiff,

v.                    Case No:  2:19-cv-114-JES-NPM

ANDREW BARLOW and CHRISTIAN ROBLES,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff Holley Jones' (Plaintiff) Motion to Substitute Expert Witness (Doc. #174) filed on September 30, 2021. Defendants Andrew Barlow and Christian Robles (Defendants) collectively filed an opposition (Doc. #175) on October 7, 2021.

Plaintiff states that his previously disclosed expert, Richard Rivera, is no longer able to serve as an expert witness. (Doc. #174, ¶ 4.) Rivera was retained as a police procedures expert. (Id. ¶ 1.) Since his retention, he started a new position as a director of a police department in New Jersey and can no longer serve as Plaintiff's expert. (Id. ¶ 3.) Plaintiff now seeks to substitute Rivera with Daniel Busken. (Id. ¶ 5.) Busken is also a police procedures expert. (Doc. #174-2). According to Plaintiff, he intends to adopt the same report and findings as

Rivera, and Busken will be made available for deposition. (Doc #174, ¶¶ 5-7.)

Defendants oppose Plaintiff's request, arguing the record reflects that Plaintiff knew of Rivera's unavailability since April 2021 and without good reason waited until a month before trial to file the motion. (Doc. #175, ¶ 4.)[1] Defendants also argue that "they deserve a fair an expeditious trial…Substituting an expert at this point adds another later [sic] of discovery to this already over litigated and delayed case." (Id. ¶ 13.)

District courts are granted broad discretion in the management of cases to ensure they move forward in a timely manner. Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). After the close of discovery, parties must be able to show "good cause" for a modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4); Leibel v. NCL (Bahamas) Ltd., 185 F. Supp. 3d 1354, 1355 (S.D. Fla. 2016). The good cause standard precludes modification unless the schedule could not have been met despite the diligence of the party seeking the extension. Leibel, 185 F. Supp. 3d at 1256 (citing Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)).[2]

---

[1] Defense counsel does not cite where in the record this is reflected.

[2] Some courts use Rule 37's "substantial justification" standard, instead of Rule 16's "good cause" standard, when considering a motion to substitute an expert. However, "the difference between the two standards is negligible" and "the

Plaintiff's expert deadline passed on June 12, 2020. (Doc. #81.) Plaintiff was notified on March 4, 2021 that Rivera may not be able to continue serving as an expert. (Doc. #174-1.) Sometime thereafter, Plaintiff learned that Rivera could not serve as an expert. Rivera's withdrawal was completely out of Plaintiff's control. It was impossible for Plaintiff to meet the original deadline. Under these circumstance, good cause exists to allow Plaintiff to substitute his expert.

To be sure, assuming counsel knew of Rivera's withdrawal back in April 2021, counsel should have acted more diligently when seeking to substitute Rivera. However, Defendants face minimal burden or prejudice by allowing Plaintiff to substitute his expert now. Since the filing of Defendants' opposition to the motion to substitute, the Court granted a motion to continue the trial due to, in large part, the Court's current trial schedule. (Doc. #177.) The final pretrial conference is now scheduled for January 28, 2022 and trial is set for the February 2022 term, leaving time to depose Busken. Defendants are granted leave to take Busken's deposition, if needed. The parties are reminded to cooperate to timely schedule the deposition. (E.g., Doc. #80.)

Plaintiff also states that Busken intends to adopt the report and findings of Rivera. Defendants face minimal prejudice by

---

majority of district courts to address this issue apply Rule 16's good cause standard." Leibel, 185 F. Supp. 3d at 1355.

substituting experts because they have known of the substance of the expert opinion since June 2020. See Kaepplinger v. Michelotti, No. 17 CV 5847, 2021 WL 2633312, at *6-*7 (N.D. Ill. June 25, 2021) (collecting cases) ("courts generally restrict the substitute expert's testimony to the same subject matter as the original expert"). To the extent Busken provides opinions with meaningful changes from Rivera, the Court grants Defendants leave to file a motion in limine demonstrating such changes.[3]

Defendants' concern with additional delays is justified. This case has lingered for almost three years and trial has been rescheduled seven times. To keep the current final pretrial conference and trial term (Doc. #178), the Court sets the below schedule. The Court will not grant any additional requests for continuances by the parties, absent a showing of good cause.

| DEADLINE | DATE |
|---|---|
| Substituted Expert Deposition | 11/30/2021 |
| Motion in Limine Related to Substituted Expert | 1/10/2022 |
| Joint Final Pretrial Statement and Proposed Jury Instructions and Verdict Form | 1/14/2022 |
| Final Pretrial Conference | 1/28/2022 |
| Monthly Trial Term | 2/1/2022 |

---

[3] This does not open the door to any other motions in limine. The deadline for motions in limine was August 9, 2021.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Substitute Expert (Doc. #174) is **GRANTED**.

2. Defendants are **GRANTED** leave to take the new expert's deposition and file a motion in limine, provided there are meaningful changes in expert opinion.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of October, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record