```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

HOLLEY JONES,

    Plaintiff,

v.                         Case No: 2:19-cv-114-JES-NPM

ANDREW BARLOW and CHRISTIAN ROBLES,

    Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review Plaintiff's Motion to Compel Production of the Complete, Unedited Videos, or to Grant an Adverse Inference Against Defendants (Doc. #185) filed January 18, 2022. Defendants filed a Response (Doc. #188) on January 21, 2022. A jury trial is set to begin February 1, 2022.

    This civil action arises from the allegedly unlawful detainment of plaintiff by defendants. As stated by plaintiff (which defendants do not dispute), on November 7, 2019, plaintiff sent his discovery requests to Defendants. (Doc. #185, p. 1.) On March 10, 2020, defendants responded to the requests, which included the production of 8 body camera videos. (Id. p. 2.) Unbeknownst to plaintiff, defendants "cut-out" certain audio portions from the video. (Id.) Defendants, however, did not serve plaintiff with any objections or privilege claims concerning

the redactions. (Id. p. 5.) The discovery deadline in this case was July 24, 2020. (Doc. #81.)

Plaintiff discovered the "cut-out" audio on January 13, 2022, including portions with witness interviews, and inquired about the issue with defendants. (Doc. #185, p. 2.) Defendants admitted that the audio was redacted by "the city," but then refused to produce complete videos upon plaintiff's request. (Id.) Plaintiff then filed the current motion. (Doc. #185.) Defendants oppose the motion, arguing timeliness. (Doc. #188.) Defendants also state: "In some video, the audio is silenced by the officers which is permissible by the department under specific circumstances. The circumstances when the officers are silenced is when they are not speaking with anyone other than members of the department." (Id. ¶ 7.)

The Court finds good cause to modify the scheduling order, Fed. R. Civ. P. 16(b)(4), and in the exercise of discretion, grants plaintiff's motion to compel. Fed. R. Civ. P. 37; Rodriguez v. Powell, 853 F. App'x 613, 619 (11th Cir. 2021) ("the district court's discretion over discovery issues is ordinarily quite broad"). First, although plaintiff's motion to compel was filed a short two-weeks before trial, plaintiff quickly sought court intervention once defendants admitted that the originally produced videos were altered. Plaintiff's late request was due to, at least in part, defendants' own actions and failure to put plaintiff

on notice that the videos were, in fact, altered.  Thus, good cause exists to allow plaintiff to seek to compel discovery at this stage.

Second, full and fair discovery requires granting the motion to compel.  Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.")  Defendants did not object or assert any privilege, Fed. R. Civ. P. 26(b)(5), concerning the original production of the altered videos. Defendants cannot be permitted to evade their discovery obligations by purposefully redacting information from a file without disclosing such redaction to plaintiff.  Defendants' statement that they may silence or purposefully redact audio "under special circumstances" provides no legal basis for nondisclosure. And notably, defendants do not argue any prejudice or burden if they were ordered to produce complete copies at this stage.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Compel (Doc. #185) is **GRANTED.** Defendants **shall** produce complete, unedited versions of the videos **no later than January 27, 2022 at 5:00 p.m.**  Plaintiff's alternative request for an adverse inference is **denied.**

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of January 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record