```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

HOLLEY JONES,

    Plaintiff,

v.                        Case No:   2:19-cv-114-JES-NPM

ANDREW BARLOW and CHRISTIAN ROBLES,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Pre-Trial Statement (Doc. #189). Also before the Court is Plaintiff's Motion in Limine (Doc. #165) filed on August 9, 2021, to which Defendants filed a Response (Doc. #170).

**I.**

The Court held a final pretrial conference with counsel for all parties on January 28, 2022. The following shall govern the case:

    1.    The operative pleading is the Second Amended Complaint. (Doc. #124.) In connection with the Second Amended Complaint:

        a)    The Court strikes the words "and Fourteenth" from Paragraph 1.

        b)    The Court finds that Counts II through V constitute an impermissible shotgun pleading because each

      count incorporates the allegations of all prior counts. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). To cure these deficiencies, the Court modifies Paragraphs 59, 72, 80, 87 to read as follows: "Plaintiff incorporates by reference Paragraphs 1-47 describing the parties and factual allegations, because all such paragraphs are pertinent to this claim."

2. Defendants' Exhibits B-L (Doc. #200), to which there were no objections, are admitted into evidence as of the date of this Order and may be used at trial without further formal admission. Defendants' Exhibit A is taken under advisement.

3. Trial remains as scheduled for **February 1, 2022** at **9:00 a.m.**

**II.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id.

Plaintiff's motion in limine (Doc. #165) seeks to limit four different categories of evidence. The Court heard argument regarding the categories at the final pretrial conference.

1. **Post-Arrest Evidence**

Plaintiff moves to exclude evidence concerning statements he made after his arrest and in the custody of law enforcement. (Doc. #165, p. 2.) In particular, plaintiff seeks to exclude a statement that he made to one of the officers that he "spun out of control." (Id. pp. 2-3.) At the final pretrial conference, defense counsel represented that this statement is captured on the body camera video and the parties have stipulated to the admission of the body camera video. Plaintiff's first request is **denied.**

2. **Plaintiff's State Criminal Charges & Fruit of Search**

Plaintiff moves to exclude evidence related to the fruit of defendants' allegedly unlawful search and the resulting state criminal case. (Doc. #165, p. 5.) Plaintiff's state criminal case is relevant to, at least, plaintiff's malicious prosecution claim. Plaintiff's second request is **denied.**

3. **Wearing Police Uniforms**

Plaintiff moves to preclude defendants from wearing their police uniforms during the trial. (Doc. #165, p. 6.) The jury will know that defendants are police officers, and there is no prejudice if the officers wear their uniforms. See Zaken v. Kelley, 370 F. App'x 982, 986 (11th Cir. 2010) ("The district court did

- 3 -

not abuse its discretion by permitting Kelley to attend the trial in his police uniform.")  Plaintiff's third request is **denied.**

### 4. Statements "Heroizing" Police Officers

Plaintiff moves to exclude statements "heroizing" police officers, such as those related to "police officers risking their lives and/or protecting the public." (Doc. #165, p. 7.) Plaintiff argues that such general statements are irrelevant and unduly prejudicial. (Id.)

Defendants' entire response reads:

> Police officers literally risk their lives each time they approach vehicles or potentially dangerous persons, and the United States Supreme Court has consistently accorded officers wide latitude to protect their own safety, United States v. Stanfield, 109 F.3d, 976, 978 (4th Cir. 1997). This should actually be considered as a potential jury instruction.

(Doc. #170, p. 4.)

The Courts finds it premature to issue a ruling on this request given its breadth and the arguments presented. Plaintiff's fourth request is **denied.**  Plaintiff may raise objections to specific instances, if appropriate, at trial. Defendants' request for a jury instruction on the dangers faced by police officers is **denied.**

Accordingly, it is hereby

**ORDERED:**

1. Trial shall be governed as outlined in § I.

- 4 -

2. Plaintiff's Motion in Limine (Doc. #165) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this <u>  31st  </u> day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record