UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

    Plaintiff,

v.   Case No: 2:19-cv-114-JES-NPM

ANDREW BARLOW and CHRISTIAN ROBLES,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Attorney Fees & Costs (Doc. #222) filed on February 13, 2022. Plaintiff filed a Response (Doc. #224) on February 25, 2022. For the reasons set forth, the motion is **denied**.

### I.

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Absent statutory authority or an enforceable contract, recovery of attorney fees by even a "prevailing party" is ordinarily not permitted under the "American Rule." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). When moving for attorney's fees, the movant must: (1) specify the judgment and the statute, rule,

or other grounds entitling the movant to the award; (2) state the amount sought or provide a fair estimate of it; and (3) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2)(B).

Local Rule 7.01 further sets forth the procedure for requesting attorney's fees and expenses in the Middle District. A party must first file a motion demonstrating their entitlement to fees, which: "(1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law." Local Rule 7.01(b). Then, if the Court finds entitlement, the fee-claiming party must file a supplemental motion demonstrating the amount of fees and expenses. Local Rule 7.01(c).

With regards to costs, "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). "Costs that may be taxed under Rule 54 are enumerated in 28 U.S.C. § 1920." Lowe v. STME, LLC, No. 8:18-CV-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019). The "proper procedure" for assessing costs includes: (1) the prevailing party filing a verified bill of costs with the Clerk; (2) the Clerk taxing costs; (3) the non-prevailing party seeking review in 7 days, if

warranted; and (4) judicial review, if requested. Id. (citations omitted).

**II.**

Defendants did not file a verified bill of costs with the Clerk. Defendants' motion for fees and costs, in its entirety, states:

> **MOTION FOR ATTORNEY FEES & COSTS**
>
> Defendants Barlow and Robles hereby file this Motion for Attorney fees and Costs after the trial which was held on February 1-3, 2022.
>
> **I. Introduction**
>
> 1. On February 4, 2022, this Court entered an order for Judgment in favor of the Defendants after trial by jury. [See Doc. 219]
>
> 2. Rule 54 (d) 2 [sic] provides for the relevant provisions in awarding attorney fees and costs.
>
> 3. The Defendants were the prevailing party and as such, are entitled to their fees and costs.
>
> 4. The amount sough [sic] is as follows:
>
>    a. Attorney Fees: $72,549.91
>
>    b. Costs: $7,930.81
>
>    TOTAL AWARD: $80,480.72
>
> **V. Conclusion**
>
> For these reasons, the Defendant's respectfully request that this Court to award fees and costs associated with this case as they were the prevailing party.

(Doc. #222, pp. 1-2.)

Defendants have clearly failed to comply with the rules for seeking attorney fees and costs. Defendants do not specify what statute, rule, or other grounds warrant a departure from the American Rule. Defendants do not even begin to persuade the Court that defendants, as the prevailing party, are entitled to fees. E.g., Manuel v. Jamison, No. 2:13-CV-781-FTM-29CM, 2017 WL 563185, at *2 (M.D. Fla. Feb. 13, 2017) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)) ("The Supreme Court has qualified the provision [42 U.S.C. § 1988] as to a prevailing *defendant* requiring a finding that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.") (emphasis in original).

Accordingly, it is hereby

**ORDERED**:

Defendants' Motion for Attorney Fees & Costs (Doc. #222) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record