UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLEY JONES,

      Plaintiff,

v.                                                                                 Case No. 2:19-cv-114-JES-NPM

ANDREW BARLOW, and
CHRISTIAN ROBLES,

      Defendants.

---

## ORDER

Before the court is defendants' motion for bill of costs (Doc. 227). The court entered judgment in favor of defendants after trial by jury. (Doc. 219). Thus, defendants are the prevailing party under Federal Rule of Civil Procedure 54(d), and costs may be taxed in their favor. Defendants seek $7,812.81 in taxable costs for service of process ($90.00), electronic deposition transcripts ($892.50), copying materials for use at trial ($900.00), and compensating an expert witness ($5,930.31). But defendants failed to follow the proper procedures. The motion (Doc. 227) is, therefore, **DENIED without prejudice**, and the clerk is directed to **STRIKE** the bill of costs (Doc. 226).

As an initial matter, parties seeking to tax costs need not file a motion. Rule 54 allows the clerk to tax costs on 14 days' notice, and the revised Local Rules have

eliminated the requirement for attorneys to move for costs. M.D. Fla. R. 7.01(a) (providing a bifurcated procedure for requesting fees and nontaxable expenses and omitting any reference to taxable costs). To obtain taxable costs, a party must simply complete and properly file a bill of costs using the AO 133 form. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."). After the fourteen-day period has run, the clerk may tax some or all of the requested costs. *See* Fed. R. Civ. P. 54(d)(1).

Here, defendants filed their motion simultaneously with a bill of costs using the AO 133 form. (Doc. 226). The unnecessary motion fails to comply with Local Rule 3.01(g). And defendants failed to adhere to instructions in the bill of costs form, which includes a special note directing the filer to attach "an itemization and documentation for requested costs in all categories." Defendants might have intended to supply the itemization and documentation by separate declaration (*see* Doc. 227, n.1), but they failed to do so.

Moreover, the request to tax nearly $6,000 for "compensation of court-appointed experts" appears improper. The court may not tax costs unless authorized by statute—as defendants acknowledge (Doc. 227, p. 2)—and defendants seek to tax compensation for their retained expert rather than a court-appointed one (Doc. 227, p. 2).

Defendants are directed to complete and properly file a bill of costs by **March 24, 2022**. The parties are directed to confer before the filing of a bill of costs, and they are also encouraged to mutually resolve any objections to a filed bill of costs by filing an amended bill of costs or notice of no objection within fourteen days. *Any motion for court review of the bill of costs must be filed within fourteen days after the filing of the bill of costs.*

ORDERED in Fort Myers, Florida, on March 3, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE