```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HOLLEY JONES,

    Plaintiff,

v.                                   Case No: 2:19-cv-114-JES-NPM

ANDREW BARLOW and CHRISTIAN
ROBLES,

    Defendant.

---

**OPINION AND ORDER**

This case comes before the Court on Plaintiff Holley Jones' (Mr. Jones) Motion for a New Trial Pursuant to Rule 59 (Doc. #233) filed on March 4, 2022. Following the Court's Order (Doc. #234), Defendants Andrew Barlow (Officer Barlow) and Christian Robles (Officer Robles) (collectively, the Officers) filed a Response (Doc. #235). With leave of Court, Mr. Jones filed a Reply (Doc. #238) to the Officer's Response. For the reasons set forth, the motion is **DENIED**.

**I.**

This case was brought pursuant to 42 U.S.C. § 1983. In brief: on April 15, 2018, Officers Robles and Barlow responded to a 911 dispatch describing a black male causing a disturbance in a 7-11 parking lot. Officer Robles arrived first and confronted Mr. Jones, who was inside the 7-11 store. Officer Barlow arrived

shortly thereafter. Officers Robles and Barlow escorted Mr. Jones outside. At some point, Mr. Jones made his way back into the store. The Officers followed and Officer Barlow tased Mr. Jones. The Officers then handcuffed, searched, seized drugs, and arrested Mr. Jones. State criminal charges were brought against Mr. Jones; however, that case was ultimately dismissed. The entire encounter between the Officers and Mr. Jones at the 7-11 was captured on body camera videos. (Doc. #221-1.)

In this action, Mr. Jones asserted five claims alleging violations of his First and Fourth Amendment rights: (1) unlawful detention and arrest; (2) excessive force by Officer Barlow; (3) unlawful search; (4) malicious prosecution; and (5) First Amendment retaliation. (Doc. #124.) The Court denied the Officer's motion for summary judgment on all counts. (Doc. #164.) A jury trial was held from February 2 through February 4, 2022. The jury returned a verdict in favor of the Officers on all claims (Doc. #216), and judgment was entered (Doc. #219). Mr. Jones now requests a new trial pursuant to Fed. R. Civ. P. 59. (Doc. #233.)

## II.

A Rule 59 motion for a new jury trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include that "'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other

2

reasons, the trial was not fair ... and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)) (alteration in original). "Thus, under Rule 59(a), a district court may, in its discretion, grant a new trial if in the court's opinion, the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Id. (cleaned up). See also Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186, 1189 (11th Cir. 2001) (quotation omitted) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.").

### III.

Mr. Jones argues that he is entitled to a new trial for two reasons: (1) the verdict was against the clear weight of evidence; and (2) testimony by three defense witnesses should not have been admitted and was not harmless.

    **A.   The Jury's Verdicts Were Not Against the Weight of Evidence.**

Mr. Jones first contends that, based on the evidence presented, the jury findings (i) that the Officers had reasonable

3

suspicion to detain and then probable cause to arrest Jones and (ii) that Officer Barlow did not use excessive force were against the weight of the evidence.

### 1. Reasonable Suspicion & Probable Cause

Mr. Jones argues that the "the credible evidence" presented at trial cannot support a finding that the Officers had reasonable suspicion to detain him or probable cause to arrest him. (Doc. #233, p. 7.)  Specifically, Jones cites the 911 call detailing the alleged offender, the fact that he did not match the description stated in the 911 call, body camera footage showing another person matching the description, and testimony from the Officers that he was only "close to doing something wrong." (Id. pp. 7-9.)

The jury's reasonable suspicion and probable cause[1] determinations were not against the weight of evidence. E.g., Vadimsky v. City of Melbourne, 270 F. App'x 924, 928 (11th Cir. 2008).  As Mr. Jones recognizes, the jury heard the 911 call and it was clear that Jones did not match the exact description

---

[1] In their Response, the Officers argue that the jury's verdict was sound because the Officers only needed to show arguable probable cause.  The Officers are mistaken.  Whether the Officers had arguable probable cause is a question for the Court – not a question for jury determination - when examining a qualified immunity claim.  Gates v. Khokhar, 884 F.3d 1290, 1298 (11th Cir. 2018) ("when an officer has arguable probable cause to arrest, he is entitled to qualified immunity").  The Court did not reach a qualified immunity analysis because the jury returned a verdict for the Officers.

4

provided in the call.  But at trial, Officer Robles, who first arrived on the scene, testified that he did not hear the contents of the call before arriving on the scene.  The dispatch report Officer Robles received described a very thin black man, wearing a black shirt and green pants, causing a disturbance in the parking lot.  (Doc. #221-2.)  Although some may not characterize Jones as "very thin," he was wearing a dark (arguably black) shirt and muted gray (arguably gray green) shorts (arguably called pants).  The jury also heard testimony from Mr. Jones and Officer Robles about their initial encounter and made credibility determinations of the witnesses.  The jury viewed and heard the entire encounter through Officer Robles' body camera footage.  The jury was then instructed on reasonable suspicion, probable cause,[2] and two offenses - disorderly conduct and resisting or obstructing law enforcement

---

[2] When instructing the jury on probable cause, the Court used an old formulation of the probable cause standard: "An officer may arrest a person without a warrant whenever the facts and circumstances within the officer's knowledge, based on reasonably trustworthy information, would cause a reasonable officer to believe that the person has committed, is committing, or is about to commit and offense."  (Doc. #212, p. 11 (emphasis added).) Since the trial, the Eleventh Circuit articulated the correct legal standard: "whether an officer had probable cause to seize a suspect is to "ask whether a reasonable officer could conclude ... that there was a substantial chance of criminal activity." Washington v. Howard, 25 F.4th 891, 902 (11th Cir. 2022) (citing District of Columbia v. Wesby, --- U.S. ----, 138 S. Ct. 577, 588, 199 L.Ed.2d 453 (2018)) (emphasis added).  The older standard was a more demanding standard for a showing of probable cause, id. at 889, meaning the older standard was friendlier to Jones and the error would not change the outcome of the trial.

without violence - which the Officers argued Mr. Jones committed or was about to commit. Based on the totality of all the evidence presented at trial, the Court concludes that the evidence was sufficient to support the jury's findings and the findings were not against the great weight of the evidence.

### 2. Excessive Force

Mr. Jones' primary argument (other than probable cause was lacking, which the Court already addressed) is that the video evidence contradicted any finding that the force used by Officer Barlow was reasonable under the circumstances. (Doc. #233, pp. 11.) Mr. Jones argues that the video showed him as "calm and non-confrontational" and that his demeanor in the video contradicted Officer Barlow's justification for his use of force – that Jones "bladed towards [him] and has his fists balled up." (Doc. #233, pp. 9-10.)

The video evidence did not conclusively establish excessive force. E.g., Ayers v. Harrison, 650 F. App'x 709, 712 (11th Cir. 2016) (the video did not "blatantly contradict" non-moving party's version of events, and "[e]ven with the video, the jury still had to make numerous and critical factual findings, including some based on credibility choices"). Mr. Jones was being detained by the Officers outside the 7-11, which the jury determined the Officers had reasonable suspicion to do. Mr. Jones then started heading back inside the 7-11, and the parties provided conflicting

6

testimony characterizing the way Mr. Jones left the Officer's presence. It is shortly thereafter that Mr. Jones is tased inside the 7-11. The video evidence did not directly contradict either parties' version of the encounter. And even if the Court weighs the evidence, Watts v. Great Atlantic & Pacific Tea Co., 842 F.2d 307, 310 (11th Cir.1988), the Court concludes that the evidence was sufficient to support the jury's verdict in favor of Officer Barlow on excessive force and the verdict was not against the great weight of the evidence.

    **B.    The Admission of Witness Testimony Was Not Plain Error.**

Mr. Jones argues that the testimony of three witnesses - Lieutenant Freeman, former Major Newhouse, and expert Leon Gill - was inadmissible and not harmless. Specifically, Jones argues that the three witnesses provided impermissible legal conclusion testimony by providing testimony that each believed the Officers had reasonable suspicion to detain Mr. Jones, the Officers had probable cause to arrest Jones, and Officer Barlow did not use excessive force. Because the testimony should not have been admitted, Mr. Jones contends he is entitled to a new trial.

As initial matter, Mr. Jones admits he did not object to the testimony of the three witnesses during trial. (Doc. #233, pp. 12, 14.) Pursuant to Fed. R. Civ. P. 61, "[u]nless justice requires otherwise, no error in admitting or excluding evidence--

7

or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order." Generally, a party may only claim error to the admission of evidence if the error "affects a substantial right" and the party, on the record, timely objects or moves to strike. Fed. R. Evid. 103(a)(1).

However, a court, in its discretion, "may take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Fed. R. Evid. 103(e). To show plain error, the party who failed to object must show (i) an error, (ii) that is plain, and (iii) affected the party's substantial rights. Yates v. Pinellas Hematology & Oncology, P.A., 21 F.4th 1288, 1297 (11th Cir. 2021) (citations omitted). "'Once those three conditions have been met,' we ask whether the forfeited error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Rosales-Mireles v. United States, --- U.S. ----, 138 S. Ct. 1897, 1905, 201 L.Ed.2d 376 (2018)).

The Court does not find the admission of the unobjected to testimony was plain error. Mr. Jones did not object to the purportedly inadmissible testimony of all three witnesses and the decision not to object to the testimony of all three witnesses

could reasonably be seen as a strategic decision.[3]  The Court concludes that Mr. Jones waived any claim of error, and he is not entitled to a new trial based on the admission of the testimony.

In total, the Court has considered each of the issues raised in Mr. Jones' motion and finds that none have merit or warrant a new trial.  Therefore, Mr. Jones' motion for a new trial is denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for a New Trial (Doc. #233) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[3] For example, plaintiff's counsel elicited testimony from expert Gill about probable cause and suppression hearings, which could be reasonably seen as a strategic decision to try and admit a state court decision granting Mr. Jones' motion to suppress. (Doc. #164, pp. 11-12.)